UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVIN WHITE,

                            Plaintiff,

            -against-

NEW YORK CITY POLICE DEPARTMENT;
LT. LEWIS,

                            Defendants.

19-CV-7946 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his constitutional right to due process. By order dated September 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Devin White, a Bronx resident, makes the following allegations. On June 8, 2018, at approximately 11:45 p.m., Plaintiff called the police "a couple of times" to report that he was "about to be assaulted by individuals," and there was "a gun involved." (ECF No. 2 § III.) Because the police were "slow to respond," Plaintiff was assaulted and required hospitalization. After he was discharged from the hospital, Plaintiff "followed up with the 46 precinct to press criminal charges and was given a hard time." Plaintiff alleges that the police violated his due process rights and offered him "little" help. Named as Defendants are the New York City Police Department and Lt. Lewis. Plaintiff seeks $11 million in damages.

## DISCUSSION

### A.    Plaintiff's Damages Claim

Plaintiff alleges that his constitutional rights were violated by New York City police officers, and he seeks damages. The Court construes his complaint as an action brought under 42

U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Due Process Clause "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (holding that there is "no constitutional right to an investigation by government officials") (citation omitted); *see also Green v. Zeballos*, No. 11-CV-858, 2011 WL 5036015, at *2 (E.D.N.Y. Oct. 21, 2011) (holding that "governmental inaction is generally not actionable under § 1983"). The Second Circuit has recognized two exceptions to the general rule that the State has no duty to investigate or protect individuals: First, "the state or its agents may owe a constitutional obligation to the victim of private violence if the state had a 'special relationship' with the victim." *See Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 533 (2d Cir. 1993) (citing *DeShaney*, 489 U.S. at 198). Under federal law, a "special relationship" is formed when the government takes custody of the plaintiff. *See Matican v. City of N.Y.*, 524 F.3d 151, 156 (2d Cir. 2008) (noting that "involuntary custody" is "the linchpin of any special relationship exception") (collecting cases). Second, the government may assume some obligation when it affirmatively creates or increases the danger to the plaintiff. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993).

Plaintiff does not allege facts suggesting that Defendants had a duty to either protect him or investigate his reports. Unlike the situation in *Dwares*, where the police were alleged to have affirmatively colluded with the plaintiffs' eventual assailants, Plaintiff has not alleged that

Defendants increased the danger posed to him, or that he had a special relationship with the police such that they had a constitutional obligation to protect him from private violence. *See Matican*, 524 F.3d at 156. Plaintiff's allegations that police officers were slow to respond to his calls for assistance, or failed to act on his subsequent complaint, without more, fails to state a due process claim.

**B.      Claims Against the New York City Police Department/Municipal Liability**

Plaintiff's claims against the New York City Police Department must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional

rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

To the extent Plaintiff intends to hold the City of New York liable for what occurred, he must name the city as a defendant, and set forth facts showing that a municipal policy, custom, or practice played a role in the events giving rise to this action.

**C.    Claim Against Lt. Lewis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

Plaintiff names Lt. Lewis as a defendant, but fails to assert any facts against him whatsoever. Accordingly, Plaintiff has not shown that Lt. Lewis was personally involved in violating his constitutional rights.

## LEAVE TO AMEND

In light of Plaintiff's *pro se* status, the Court grants him leave to amend his complaint to provide any additional facts suggesting that he can state a viable § 1983 claim. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7946 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 24, 2019
             New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
  ☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City               State           Zip Code

Defendant 2:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City               State           Zip Code

Defendant 3:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City               State           Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City              State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.